# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## Case No. 3:19-cv-158-KDB-DSC

| | |
|---|---|
| PAULA PEREZ GUZMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KEVIN MCALEENAN [1] et. al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on the "Federal Defendants' Motion to Dismiss" and "Brief in Support …" (both document #3). Plaintiff has not responded to the Motion to Dismiss and the time for filing a response has expired.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motion to Dismiss be granted as discussed below.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On April 5, 2019, Plaintiff initiated this action pursuant to the Immigration and Nationality Act of 1952, 8 U.S.C. § 1447(b), seeking a judicial determination on her N-400 Application for

---

[1] Acting Secretary Kevin McAleenan is automatically substituted for his predecessor Kirstjen Nielsen who resigned on April 8, 2019. See Fed. R. Civ. P. 25(d).

Naturalization. Plaintiff alleges that United States Citizen and Immigration Services (USCIS) failed to act on her Application within 120 days of her interview by the Agency.

In their Motion to Dismiss, Defendants allege that on May 30, 2019, the Agency issued Plaintiff a Notice to Appear ("NTA") before the Immigration Court in Charlotte. Document #3, Exhibit A. The NTA charged Plaintiff as removable under 8 U.S.C. § 1227(a)(1)(A) for being inadmissible at the time of her adjustment of status. Plaintiff's inadmissibility under 8 U.S.C. § 1182(a)(6)(C)(i) is based upon her procurement of a benefit by fraud or willful misrepresentation. Specifically, the NTA alleges that Plaintiff procured her lawful permanent resident status under Section 203 of the Nicaraguan Adjustment and Central American Relief Act by misrepresenting that she was a citizen of Guatemala born in 1971, when she was in fact a citizen of Mexico born in 1973.

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490

U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

A district court may review an N-400 Application for Naturalization if USCIS does not make a determination on the application within 120 days of the applicant's interview. 8 U.S.C. § 1447(b). But review under 8 U.S.C. § 1447(b) is limited by 8 U.S.C. § 1429, which states that "no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding."

The Fourth Circuit has held that the district court lacks jurisdiction over the naturalization process when a removal proceeding is pending against the applicant. Barnes v. Holder, 625 F.3d 801 (4th Cir. 2010) (plaintiff had no statutory right to judicial review by the district court of his naturalization application while the removal proceeding was pending). See also Ajlani v. Chertoff, 545 F.3d 229, 241 (2d Cir. 2008); Zayed v. United States, 368 F.3d 902 (6th Cir. 2004); Awe v. Napolitano, 494 F. App'x 860, 862 (10th Cir. 2012); cf. Bellajaro v. Schiltgen, 378 F.3d 1042 (9th Cir. 2004) (where removal is pending, § 1429 limits scope of district court's review).

This is precisely the factual scenario presented here. Accordingly, for those and the other reasons stated in Defendants' brief, the undersigned respectfully recommends that their Motion to Dismiss be granted.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the "Federal Defendants' Motion to Dismiss" (document #3) be **GRANTED**.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Kenneth D. Bell.

**SO ORDERED AND RECOMMENDED**.

Signed: June 26, 2019

David S. Cayer
United States Magistrate Judge